COMMONWEALTH *v.* J. W. LESTER.

[Abstract Kentucky Law Reporter, Vol. 1—276.]

**Criminal Law—Bail Bond.**

Where it is not determined by the justices whether a charge against an accused is for grand or petit larceny, but they approve a bail bond, and the prisoner gave the bond and was released from custody, his surety will not be allowed to say that the accused had committed or was afterward charged with a greater offense, and that the bond is therefore void.

APPEAL FROM FULTON CIRCUIT COURT.

September 8, 1880.

OPINION BY JUDGE PRYOR:

It is difficult to determine from the record in this case whether the accused was arrested on the charge of grand or petit larceny. He was arrested for larceny, and when brought before the two

justices they had the right to determine whether it was the one offense or the other in order to pass upon the question of bail. It seems they heard no proof as to the accused, but took from him a bond for his appearance before the county judge, by whom he had elected to be tried. If he had been charged with a felony no bail could have been taken; but as under the warrant he might have been convicted of a lesser offense, it is to be presumed that the benefit of such a conclusion was conceded to the accused and the bond accepted. This presumption should be indulged not only upon the idea that the justices were informed as to the law, but for the reason that, as no certain charge had been made, the action the least oppressive to the accused should have been taken. The prisoner gave the bond and was released from custody, and his surety ought not to be allowed to say that accused had committed or was afterward charged with a greater offense, and therefore the bond is void.

The judgment quashing the bond is *reversed* and cause remanded for further proceedings.

*P. W. Hardin, for appellant.   H. A. & R. T. Tyler, for appellee.*